C. G. & H. D. ROBERTSON *vs.* A. J. & M. H. BANKS, use, &c.

If there be a variance between the instrument set forth in the declaration and that to be offered in evidence, the defendant may crave oyer, if it be an instrument of which oyer ought to be craved, and demur; or he may object to it when offered in evidence to the jury.

A declaration upon a promissory note in favor of Mary H. Banks, did not aver that the said Mary H. Banks was the same person called M. H. Banks in the promissory note. Held, that this variance could not be reached by demurrer.

A note signed by A. B. and C. D. as guardians, may be sued upon as the individual note of A. B. and C. D.

The signatures to a note in the following words, " C. G. Robertson, guardian, H. D. Robertson, guardian, rights of my wife C. G. Robertson," afford of themselves, no legal inference that the C. G. Robertson signing the note, is the same C. G. Robertson who is the wife of her co-maker of the note.

After a demurrer is overruled to the declaration, a defendant cannot plead without making affidavit of a meritorious defence.

THIS cause come into this court by writ of error to the Hinds circuit court.

The declaration was in assumpsit as follows, viz:

" STATE OF MISSISSIPPPI, HINDS COUNTY.
" *Circuit court*, June term, A. D. 1842.

" Ann J. and Mary H. Banks, who sue for the use of Robert M. Boyers and Daniel Saffarans, late partners in trade under the firm name of Boyers & Saffarans, by attorney complain of Charlotte G. Robertson and Hiram D. Robertson, in custody, &c. of a plea of trespass on the case. For that, whereas, the said defendants heretofore, to wit, on the 24th day of March, 1840, to wit, in the county of Hinds aforesaid, made their certain promissory note in writing in the words and figures following, to wit:

" $846 $\frac{50}{100}$.
" HINDS COUNTY, MISSISSIPPPI, 24th March, 1840.
" On the first day of April next, we promise to pay to the

Robertsons *v.* Banks.

order of Ann J. and M. H. Banks, eight hundred and forty-six dollars fifty cents, for value received.

> " C. G. ROBERTSON, Guardian.
> " H. D. ROBERTSON, Guardian.
> " Rights of my wife, C. G. ROBERTSON.

" Yet, the said defendants have not, nor has either of them, paid said sum of money or any part thereof, although often requested so to do ; but the same to pay or any part thereof, the said defendants have hitherto wholly neglected and refused, and still do neglect and refuse so to do to the damage of said plaintiffs' use aforesaid of sixteen hundred dollars, and therefore they bring this suit, &c. " THOMAS J. WHARTON,
> " Attorney for plaintiffs."

The defendants demurred to this declaration, and assigned seven causes of demurrer ; the court below overruled, however, their demurrer. They then applied for leave to plead, to which the counsel for the plaintiff below objected, unless an affidavit of a meritorious defence was made by them, which they failed to do ; and the court below entered a judgment of *nil dicit* against them, to which they excepted and filed a bill of exceptions accordingly.

And the case is brought to this court by writ of error.

The errors assigned are,

1. The error of the court below in rendering judgment upon the demurrer in favor of the plaintiffs.

2. The error of the court in refusing the defendants below the privilege of pleading.

The causes of demurrer assigned to the plaintiffs' declaration, were,

1. Because it is not averred in the declaration that Mary H. Banks, one of the plaintiffs, is the same person called M. H. Banks in the promissory note sued on.

2. Because the action is brought against Charlotte G. Robertson and Hiram W. Robertson individually, and not as guardians according to the tenor of the cause of action.

3. Because the cause of action shown by the plaintiffs, shows a promise by Charlotte G. Robertson as guardian, and of Hiram D. Robertson as guardian in right of his wife, the said Charlotte G. Robertson; and the action is against them individually, and not in the character given to them by the written contract.

4. Because they are not sued as husband and wife, when the cause of action shows that that relation subsists between them.

These were the only causes of demurrer noticed by the court.

*Mitchell & Son*, for plaintiffs in error.

The promissory note shows that it was the intention of the parties that it should be made and delivered by the plaintiffs in error, as guardians; or in other words, in their fiduciary capacities and not in their individual capacities.   Hiram D. Robertson says, on the note appended to his name, that he is guardian in right of his said wife, which shows that she was guardian of some one, while sole, and that by his marriage to her, by force of law, he became guardian in right of his wife.   Although this is not expressed in so many words on the face of the note, yet the same is fairly inferrable, and, therefore, brought within the maxim of "*id certum est quod certum redi potest.*"   Then if this be correct the action is misconceived.   The suit ought to have been against the plaintiffs as guardians, and not in their individual capacities.   And that, too, for the benefit of both the plaintiffs in the court below, and the minors for whom the plaintiffs in error were guardians.   The plaintiffs below would be benefitted thus.   Suppose the said guardians to be individually insolvent, but possessed money or other property of their wards sufficient for the satisfaction of their demands.   If the sale had been instituted, as we contend it ought to have been, then the judgment in effect would be a judgment against the wards, and their property would be liable for its satisfaction, and beneficial to the said minor heirs, or the wards of said guardians thus. Suppose the plaintiffs below indebted to them, the said wards, for any cause, they might avail themselves of their offset if the suit had been brought against the plaintiffs in error, as guardians; but in the present form of the action they are deprived

of all offsets, if they have any. The word "guardian," prefixed to the names of the plaintiffs in error, was certainly intended to mean something more than *a descriptio personæ.* It was certainly intended to show in what character the promise was made, viz., that they were making the said promise for and on behalf of their wards, and not in their individual capacity.

But it may be insisted that they have not shown for whom they were guardians. The answer is, that the transaction presupposes the plaintiffs below, to be informed of the name of the said wards, or to have it in their power to be easily informed who said wards were, for whom the plaintiffs in error made said promissory note. The *argumentum ab inconvenienti,* will not apply here. For the defendants in error took the said note made in the character of guardians; and said defendants shall not be permitted to change the liability of the plaintiffs in error, because it might be productive of some trouble to them to find out the names and number of the wards for whom the promise was made. For the law serves the vigilant and not the sleeping.

It is believed to be unnecessary to quote decided cases, or refer to elementary works upon principles so well known to the honorable court.

*Thomas J. Wharton,* for defendants in error.

The demurrer filed by the plaintiff in error in the court below, presents all the grounds coming up for review. The first point therein is, that it is not averred in the declaration that Mary H. Banks, (one of the defendants in error) is the same person called M. H. Banks in the note sued on; to this it is only necessary to reply that that question was not brought into issue in the only way provided by our statute, by plea verified by affidavit. The second and third points are substantially the same, differing only in form and phraseology, and present this question, that the action in the court below was misconceived; that it should have declared against the plaintiffs in error, as guardians, (according to their signatures to the note sued on, instead of against them individually, as the action is.)

There is no principle more clearly settled, both by elementary writers, and adjudicated cases, than that the action was properly brought against them as individuals, without reference to any particular description of person or character they may have thought proper to assume; the defendants' description of themselves as guardians, cannot be heard to vary the form of the action. See 5 Mass. R. 58, *Foster* v. *Fuller.* The plaintiffs in error can indemnify themselves out of the estate of the ward by action, for money paid to his use in the same manner as if they, (plaintiffs in error) instead of giving their note, had paid the debt with their own money. 2 Str. R. 955, *Thomas* v. *Bishop.* The addition of guardian to the signatures to the note, only denotes the person more certainly. The execution of the note admits assets in the hands of the plaintiffs in error.

The fourth point in the demurrer is, that the plaintiffs in error are not sued as husband and wife, when that relation is shown to exist by the cause of action; it is unnecessary to do more than refer to the principle already adverted to, that this also is only descriptive, and can only be inferred from the signature of one of the plaintiffs in error, in which he states that he is guardian in right of his wife; besides, if error at all in not declaring against them as husband and wife, it could not be reached by demurrer.

In the assignment of errors, it is stated that the court below erred in not permitting plaintiff in error to plead over, after the demurrer was overruled.

The bill of exceptions shows that the court did say that they could plead over on making affidavit of a meritorious defence, failing and refusing to do which, the court gave judgment for the defendants in error.

Mr. Justice CLAYTON delivered the opinion of the court.

This was a declaration in assumpsit, to which the defendants filed a demurrer and assigned various causes, which will be noticed in their order.

The first is, that it is not averred in the declaration that Mary H. Banks, one of the plaintiffs, is the same person called M. H.

Banks in the promissory note sued on. If there be a variance between the instrument set forth in the declaration, and that to be offered in evidence, the defendant may crave oyer, if it be an instrument of which oyer ought to be granted, and demur; or he may object to it, when offered in evidence to the jury. The variance cannot be reached, as was attempted in this case by a mere demurrer to the declaration.

The next cause is, that the action is brought against the defendants, individually, and not as guardians, the note sued on being signed by them as guardians. The words, "as guardians," must be considered as merely descriptive of the persons, and cannot operate to exclude the right of the plaintiffs to sue them in their individual capacity. *Buffum* v. *Chadwick*, 8 Mass. Mart. and Yer. 261.

The third cause is the same in substance with the second, and need not receive a separate consideration.

The fourth cause is, that the defendants are not sued as husband and wife, when the cause of action shows that relation to subsist between them. If this objection were sustained by the record, it would be fatal. But there is no averment in the declaration or elsewhere, that they are husband and wife. The signature to the note sued on, and which is copied into the declaration, is as follows: "C. G. Robertson, guardian, H. D. Robertson, guardian rights of my wife, C. G. Robertson." Now although it is very possible that these parties are husband and wife, yet there is no allegation to that effect, and no such certainty as would justify a judgment upon the demurrer. The C. G. Robertson, whose signature is annexed to the note, may, for aught this court can know, be a different person from C. G. Robertson the wife of H. D. Robertson. Had the defendants pleaded this matter in abatement, and sustained it by proof, the plea must have been supported, because nothing is better settled than that a married woman cannot be sued at law, for a cause of action accruing after the coverture. But upon the demurrer, as it does not appear certainly, that the parties were married, or that the cause of action accrued after coverture, the objection must be overruled.

There are other causes assigned, but they are *obviously* insufficient to produce a reversal, and need not be noticed in detail.

The court overruled the demurrer—the defendant then applied for leave to plead, which was refused unless upon affidavit of merits. This was entirely in accordance with the statute. H. & H. 615.

*The judgment is affirmed.*